*992 OPINION OF THE COURT
Mary Ann Brigantti-Hughes, J.
The above-captioned cases, each of which is before this court upon unrelated applications by the same defendant, American Transit Insurance Co., for a change of venue, have been consolidated sua sponte for the limited purpose of this decision. Each case arises from an action by a health services provider, Quality Medical Healthcare, P. C., suing as an assignee of defendant’s insured to recover for no-fault benefits allegedly rendered to plaintiffs assignor.
Background
On each action, plaintiff selected the venue of the trial as defendant’s county of residence pursuant to CCA 305 (b), which defines a corporation’s county of residence for venue purposes as, inter alla, any county where the corporation “transacts business.”[1] On each action, plaintiff relies on the same predicate facts — defendant’s issuance of insurance policies to Bronx County residents — to support its claim that defendant “transacts business” within Bronx County. None of plaintiffs assignors, however, is a Bronx County resident.
Defendant avers that plaintiff has selected the improper venue because defendant does not transact business in Bronx County within the meaning of the CCA venue statute (CCA 305 [b]). Specifically, defendant argues that the phrase “transacts business” has the same meaning within the CCA venue statute as the same phrase has under the CPLR 302 (a) long-arm jurisdiction statute, which requires not only that a defendant has a certain minimal contact of transacting business within the jurisdiction in question, but that the action arises from that same minimal contact.
Thus, the question that this court must answer is whether the mere issuance of insurance policies to Bronx County residents, none of whom is involved in the instant actions, constitutes the necessary predicate facts to “transact[ ] business” within the meaning of the CCA venue provision (CCA 305 [b]).
*993 Discussion
Since the parties have provided this court with unexplained, unpublished Judges’ orders and decisions with divergent views on this venue issue, this court must engage in an in-depth inquiry as to the appropriate answer to this question. There is no statutory definition of the phrase within the New York City Civil Court Act or any other statute. This is not surprising since the inquiry is considered “sui generis.” (Siegel, NY Prac § 86A, at 130 [2d ed 1991]; McKee Elec. Co. v Rauland-Borg Corp., 20 NY2d 377, 387 [1967].) What’s surprising is that this court has found no judicial decision that has delved into the intended meaning of the phrase “transacts business” within the context of the CCA venue statute (CCA 305 [b]).[2]
In this court’s view, the phrase “transacts business” for venue purposes should have a meaning independent of its definition for long-arm jurisdictional purposes in light of the different concerns addressed by each statute. Nevertheless, this court’s probe reveals that the “transacts business” phrase within the CCA venue provision appears to have the same meaning as that given in the long-arm jurisdictional statute, CPLR 302 (a) (1). In fact, in New York the phrase appears to have originated within the long-arm jurisdictional statute. Moreover, CCA’s silence on the issue appears to be a deliberate acquiescence for applying the CPLR long-arm jurisdictional meaning to the same phrase within the context of the CCA venue provision. Indeed, the New York City Civil Court Act’s long-arm jurisdictional statute appears to be modeled after the CPLR long-arm statute, as it contains the exact language, including the “transacts business” phrase. The only difference, of course, is that the contacts are with New York City, rather than within the State. (Compare, CCA 404, with CPLR 302 [a] [1].)
Accordingly, the phrase “transacts business” within the CCA venue provision (CCA 305 [b]), must be given the same meaning as that provided in the long-arm jurisdictional statute. Since its inception the term “transacts business” has been liberally construed. It does not require continuous activity within the State and a single transaction may do. But it is not enough that a plaintiff’s unilateral acts occurred in New York; there *994 must be purposeful contact by the defendant with the jurisdiction. (Mayes v Leipziger, 674 F2d 178, 185 [2d Cir 1982] [holding that a nondomiciliary who never entered New York, who was solicited outside of New York, who performed outside of New York, does not “transact business” within New York]; see also, Kreutter v McFadden Oil Corp., 71 NY2d 460 [1988].)
Moreover, the liberal interpretation of the “transacts business” phrase is offset by the corresponding requirement, as explicitly stated in the long-arm statute, that the “cause of action must arise from the same act” that constitutes the required minimal contact to “transact business” within the forum. The CCA venue provision contains this exact language. (See, CCA 305 [b].) Thus, as with the long-arm statute, in order for an action to fall within the CCA “transacts business” venue provision, there must be a direct nexus between the cause of action and the act constituting the minimum contact that qualifies as "transacts business."
In the instant action, plaintiff claims that defendant “transacts business” within Bronx County simply because it issues policies to Bronx residents. No other detail is provided as to the insurance company’s business modus operandi, i.e., the exact manner in transacting business with its Bronx County policyholders, such as how clients are garnered and policies are executed. In light of the scant details provided by plaintiff, the only thing that is clear is that defendant provides the services in question to Bronx residents, which, by itself, clearly does not constitute “transacts business” within Bronx County. (See, e.g., Daly v Castro Llanes, 30 F Supp 2d 407 [SD NY 1998] [nondomicile executive of Puerto Rico did not “transact business” by sending letter to plaintiff in New York which solicits continued use of bank service in Puerto Rico]; Mayes v Leipziger, supra, at 185 [a doctor who performs medical services in Connecticut for New York residents does not “transact business” within New York].)
Even assuming arguendo that defendant’s insurance-related contact with Bronx County residents meets the “transacts business” requirement, plaintiff’s allegations are devoid of sufficient facts to meet the second requirement — that the cause of action arises from the “transacts business” minimal contact. In fact, since it is acknowledged that none of the plaintiff’s assignors in the instant actions is a Bronx County resident, plaintiff was in no position to meet this requirement. Thus, defendant has met its burden to show that plaintiff’s factual allegations fail to establish that defendant is a resident of Bronx County within the meaning of the CCA 305 (b) venue provision.
*995 Accordingly, defendant is entitled to a change of venue pursuant to CCA 301, which grants a defendant the right to change venue when the plaintiff commences the action in the improper county. In this case, each of the assignors’ residences is located in New York County. Therefore, pursuant to CCA 305 (a), venue should be in New York County, the residence of the assignors on each action.
Conclusion
For the foregoing reasons, each of defendant’s motions to change venue is granted to the extent that each of the above-captioned actions is transferred to New York County.

. Under the CCA venue provision (CCA 305 [b]), “[a] corporation, joint-stock association or other unincorporated association shall be deemed a resident of any county wherein it transacts business, keeps an office, has an agency or is established by law.”

. There is also no case law addressing the meaning of the phrase, “transacts business” within the CPLR venue provisions, but this is because none of the CPLR venue provisions uses that phrase. Instead, the CPLR venue provision dealing with corporations, unlike CCA 305 (b), defines a corporation’s legal residence for venue purposes in one county only, where its principal office is located. (CPLR 503 [c].)